Max R. Tarbox; SBN: 19639950
Tarbox Law, P.C.
2301 Broadway
Lubbock, TX 79401
(806) 686-4448; fax: (806) 368-9785
*Attorney for Big Bend Minerals, LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| Big Bend Minerals, LLC, | § | Case No. 14-70013-rbk11 |
| | § | Chapter 11 Case |
| Debtor. | § | |

**MOTION FOR INTERIM ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF COUNSEL FOR THE DEBTOR
AND NOTICE THEREOF**

**IMPORTANT NOTICE**

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE U.S POST OFFICE ANNEX, 100 EAST WALL STREET, RM. P-163, MIDLAND, TEXAS 79701 ON THE **25th DAY OF JUNE, 2014**, WHICH IS TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

TO THE HONORABLE RONALD B. KING, Bankruptcy Judge, AND ALL PARTIES IN INTEREST:

NOW COMES Tarbox Law, P.C., Lubbock, Texas ("Movant"), and files this its verified Motion for Interim Allowance of Compensation and Reimbursement of Expenses of Counsel for the Debtors in the above referenced bankruptcy proceeding, and in support of such Motion would respectfully show unto the Court as follows:

1. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on February 3, 2014, and the law firm of Tarbox Law, P.C. was retained as counsel by virtue of an Order of this Court on May 5, 2014. [doc. no. 142].

2. At the time of the initial representation of the Debtors in this bankruptcy proceeding, the Movant received a retainer for its fees and/or expenses incurred and to be incurred in this proceeding in the amount of $20,000.00. This fee application seeks approval of any and all fees incurred since January 31, 2014 through June 2, 2014.

3. During the period of representation covered by this Motion, the Movant has expended a total of 113.22 hours for professional services on behalf of the Debtor for an actual cost of $33,965.00. A complete accounting of the time spent by attorneys of the Movant and the specific description of the services rendered and time expended is provided in Exhibit "A," that is attached hereto and incorporated herein for all purposes. The hourly rates charged by the Movant in similar matters, considering the size and degree of responsibility, difficulty, complexity of the problems and issues involved in this case were, at the commencement of the representation of the Debtors, as follows:

> Attorney - $300.00 per hour

4. During the period covered by this Motion, attorney of the Movant have expended a total of 113.22 hours in representation of the Debtor for an actual cost of $33,965.00. The information on Exhibit "A" contains a synopsis of the particular services rendered, as well as the amount of time expended on each entry by each particular attorney or paraprofessional associated with the Movant who rendered the legal services described.

5. Expenses that have been incurred by the Movant total $2,089.16. Attached hereto and incorporated herein as Exhibit "A" is a schedule of expenses for which the Movant seeks reimbursement at this time.

6. The Movant has performed professional services to the Debtor during the period of its representation of the Debtor in the following particulars:

> A. Movant consulted with Debtor concerning the estate's financial condition and the status of the case. The Movant has advised the Debtor with respect to all legal matters concerning the financial condition of the estate.
>
> B. Movant advised the Debtor of the financial responsibilities of the bankruptcy estate, and has prepared and filed all notices, motions, briefs, certificates of service and pleadings necessary to comply with the requisites of the United States Bankruptcy Code and Bankruptcy Rules.
>
> C. Movant advised the Debtor with respect to the performance of its duties pursuant to the Bankruptcy Code and operating rules of the United States Trustee for the Western District of Texas, and has further assisted the Debtor in complying with disclosure requirements, preparation and filing of Monthly Operating Reports, and satisfaction of Trustee's fees as required by the United States Trustee.

D. The Movant has represented the Debtor in all negotiations with priority, secured and unsecured creditors.

E. The Movant has represented the Debtor at all hearings, whether before the United States Trustee for the Western District of Texas or the United States Bankruptcy Court for the Western District of Texas, as such hearings and trials arose throughout this proceeding and continues to represent the Debtor as hearings are set in this case.

More specifically, the Movant has performed the following tasks:

F. The Movant prepared Debtor's bankruptcy schedules and Statement of Financial Affairs.

G. The Movant has stayed in communication with the U.S. Trustee's Office and has ensured the filing of all Monthly Operating Reports.

H. The Movant is preparing and will file with the Court a Disclosure Statement and a Plan of Reorganzation.

I. The Movant has prepared for and defended in Court the Motion of certain parties to dismiss this bankruptcy case

J. The Movant has represented the Debtor in its Debtor Interview.

K. The Movant has represented the Debtor at its Sec. 341 creditors' hearing.

L. The Movant has worked with Debtor in preparing Small Business reports and exhibits.

M. The Movant has worked with Debtor in preparing pleadings and participating in hearing to receive authorization to pay certain critical vendors.

N. The Movant has worked with Debtor in preparing pleadings and participating in hearing to approve continuation of certain leases.

O. The Movant has worked worked on a sumbitted motions to employ professionals.

P. The Movant has prepared for and participated in hearings to respond to motions filed by Larry Nobles and other parties to lift stay and compel disclosures. Movant has worked with Debtor in preparing Orders for the motions and assisting Debtor in complying with the Orders.

Q. The Movant attempts to confer with creditors' and other party's attorneys to resolve disputes.

7. Pursuant to the provisions of 11 U.S.C. Section 330, various factors are considered in awarding compensation of attorneys. Consequently, the following information is submitted to the Court for consideration in determining the appropriate fee for the Movant in this case:

A. <u>Time and Labor Required</u>: The Movant, as set forth above, has expended a significant amount of time in the representation of the Debtor in this bankruptcy proceeding. Movant attorney has expended a total of 113.22 hours in connection with this case. The specific information contained on the attached Exhibit "A" is a synopsis of the particular services rendered, as well as the amount of time expended on such entries by each particular attorney or paraprofessional of the Movant. Each entry of the time records

attached represents actual time expended in the performance of legal work that was required in order to properly represent the Debtor. The Movant asserts that while it has taken great care and attention to recording all time expended on behalf of the Debtor, a significant amount of time has been lost. The Movant does not seek any compensation for such lost time, but seeks compensation only for those hours set forth herein. The Movant has dedicated much of the time of one of its attorneys in the representation of the Debtor in this proceeding since the initial date of contact with the Debtor. The Movant asserts that the amount of time expended by each attorney or paraprofessional on each entry is reasonable and necessary, in light of the facts and legal complexities of this case.

B. <u>Novelty and Difficulty of the Questions</u>: This case has presented novel and difficult questions that have challenged the Movant. The Debtor's business involves mining and marketing minerals. The Movant has assisted the Debtor in opposing efforts by certain parties to take control of the Debtor. The Movant is having to deal with and address the claims and concerns of these creditors.

C. <u>Skill Requisite to Perform the Services Properly</u>: A high degree of skill and experience has been necessary to properly represent the Debtor in this bankruptcy proceeding. The Movant believes the Debtor will successfully reorganize and repay all or substantially all of its indebtedness. The degree of skill requisite to assist with such effort has been substantial in this proceeding. Consequently, the Movant believes that counsel of lesser experience in the area of bankruptcies would be required additional hours of research or to hire outside professional assistance in order to enable it to render the service and advice that has been available to the Debtor as result of the experience of the Movant.

D. <u>Preclusion of Other Employment</u>: The volume of work associated with this case has not put a strain on the resources of the Movant, as it has attempted to competently represent the Debtor. Additionally, this case has not precluded Movant from taking other cases in the bankruptcy area of practice.

E. <u>Customary Fees</u>: The Movant seeks approval of $300.00 per hour for work by attorney. Movant submits that the use of paraprofessionals can be efficient and result in a reduction of the total fees that would otherwise be charged. The rates charged by the Movant are the normal rates charged for work performed for clients in the bankruptcy area for a case of this magnitude. In surveying fees that are charged by bankruptcy practitioners in this area, the Movant submits that these hourly rates are not excessive. Such fees have been approved by this Court in similar proceedings, and the Movant believes that they are reasonable and necessary in light of the specific nature of the issues involved in this reorganization proceeding, and the specific degree of skill and knowledge necessary to competently represent the Debtor in this proceeding.

F. <u>Whether Fee is Fixed or Contingent</u>: As in all bankruptcy proceedings, fees of the Movant Firm are subject to the discretion of this Court in determining the value of services to the estate, as well as the availability of funds of the estate, and are, accordingly, in that sense contingent.

G. <u>Time and Limitations</u>: At the onset of the representation of the Debtor, this case required numerous hours of work to become familiar with the Debtor's business operations in order to competently represent Debtor in this Chapter 11 bankruptcy proceeding. However, Movant does not assert this case has been burdensome.

H. <u>Amount Involved and End Results Obtained</u>: This bankruptcy case has involved claims in the approximate amount of approximately $400,000. Movant asserts that the amount involved in this case is quite substantial and the issues connected with it difficult. Movant has obtained confirmation of the Debtor's Plan of Reorganization and anticipates a successful reorganization.

  I. <u>Experience, Reputation and Ability of Counsel</u>: The Movant is a well known and respected attorney in the West Texas area. The attorney for the Movant practices almost exclusively in the bankruptcy area. He regularly provides legal services to large corporate interests as well as individuals, and represents debtors, creditors and bankruptcy trustees in bankruptcy proceedings. Consequently, he believes that his experience, reputation and ability in the area of bankruptcy is high. Thus, the Movant believes that counsel of lesser experience in the area of Chapter 11 bankruptcy proceedings would have expended additional hours of research in order to enable it to render the services and advice that have been available to the Debtor as a result of the experience of the Movant.

  J. <u>The Undesirability of the Case</u>: The Movant does not assert that this case has been undesirable.

  K. <u>Awards in Similar Cases</u>: The Movant asserts that the compensation sought herein is not inconsistent with that awarded in other cases of similar nature throughout the State of Texas.

9. The Movant respectfully represents that it has not entered into any agreement, express or implied, with any other party in interest, including the Trustee, the Debtor, or any representative of a creditor, for the purpose of fixing the fee or other compensation to be paid for services rendered or expenses incurred in connection with the representation of the Debtor in this case. Further, no agreement or understanding exists between the Movant, Trustee, or any other person for the sharing of compensation to be received for services rendered in or in connection with this case. All services for which compensation is requested were performed for and in behalf of the Debtor, and not in behalf of any committee, creditor, or any other person.

  WHEREFORE, PREMISES CONSIDERED, Movant respectfully prays that the Court approve its fees and expenses for this period totaling $36,054.16, consisting of fees for professional services rendered in this case as counsel to the Debtor for the period designated of $33,965.00, and reimbursement of out-of-pocket expenses of $2,089.16, and that the Movant be authorized to draw from its $20,000.00 retainer once this Application is approved by this Court, reserving the balance owed by the Debtor to the Movant for future payment, and prays for such other and further relief, at law or in equity, as the Court may deem necessary and proper.

Date: June 4, 2014

Respectfully submitted,

TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
806/686-4448; 806/368-9785 (FAX)


By: /s/ Max R. Tarbox
Max R. Tarbox
State Bar No. 19639950
*Attorney for Debtor*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Interim Motion for Allowance of Compensation and Reimbursement of Expenses of Counsel for Debtor was mailed to the following listed parties on this 4th day of June, 2014:

1. U. S. Trustee's Office
   615 E. Houston Street, Suite 533
   San Antonio, TX 78205

2. Big Bend Minerals, LLC
   PO Box 2024
   Alpine TX 79831

3. All parties in interest registered with the U. S. Bankruptcy Court to receive electronic notices in this case.

4. All parties listed on the matrix attached hereto as Exhibit "B".

/s/ Max R. Tarbox
Max R. Tarbox

| | |
|---|---|
| THE STATE OF TEXAS | § § § |
| COUNTY OF LUBBOCK | § |

BEFORE ME, the undersigned authority, on this day personally appeared MAX R. TARBOX, and upon his oath deposed and stated as follows:

"My name is Max R. Tarbox, and I am applying for allowance of compensation and reimbursement of expenses in the above and foregoing Motion. I have prepared and read the Motion and hereby state that I have personal knowledge of all statements of fact contained therein and that the same are true, correct and accurate."

/s/ Max R. Tarbox
Max R. Tarbox

SWORN TO AND SUBSCRIBED before me by the said Max R. Tarbox this 4th day of June, 2014.

MEREDITH KUNKLE
Notary Public, State of Texas
My Commission Expires 9-13-2016

/s/ Meredith Kunkle
Notary Public in and for the State of Texas
My commission expires: 09/13/2016

U:\Chap 11 Debtor\Big Bend Minerals\Compensation\Fee Application.wpd